UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SEYED RASHID JADBABAEI                                                                    PLAINTIFF

v.                                                                           CIVIL ACTION NO. 3:13cv247-DPJ-FKB

CITY OF FLORENCE, MISSISSIPPI and
TRACY HUGHES individually and in his
official capacity as police officer of Florence
Police Department                                                                       DEFENDANTS

ORDER

This excessive-force case is before the Court on Defendants' Motion for Summary Judgment [47].  Because there are genuine issues of fact as to Defendant Hughes's liability but not as to the city's liability, Defendants' motion is denied in part and granted in part.

I.        Facts and Procedural History

Officer Eddie Williams of the Florence Police Department pulled over Plaintiff Seyed Rashid Jadbabaei for speeding.  Officer Williams perceived Jadbabaei as nervous and shaky and obtained his consent to search his car.  After Williams called for backup, Defendant Officer Tracy Hughes arrived.  Upon finding the remains of a cigar in Jadbabaei's car, Hughes asked Jadbabaei if he had been making blunts.  Jadbabaei denied that he had, and Hughes began to search Jadbabaei's person.  When Hughes instructed Jadbabaei to pull out the waistband of his underwear, Jadbabaei refused.

What happened next is disputed.  According to Defendants, Jadbabaei threw a left-handed punch at Hughes's midsection and then struck Hughes's midsection with his right hand before Hughes's open hand made contact with Jadbabaei's head as he tried to gain control.  According to Jadbabaei, Hughes placed his left hand on Jadbabaei's shoulder, pulled at his waistband,

struck Jadbabaei's head with his closed fist, wrestled him to the ground, and placed him in a choke hold. Jadbabaei was arrested for resisting arrest. The dashboard videocamera footage shows the encounter, but Hughes's body blocks much of the disputed contact from view.

Jadbabaei filed this action against Hughes and the City of Florence under 42 U.S.C. § 1983 alleging excessive force in violation of the Fourth Amendment and deliberate indifference. Jadbabaei seeks damages for pain and suffering, mental and emotional distress, and past and future medical expenses. He also seeks punitive damages. Defendants filed the instant motion for summary judgment seeking dismissal of all claims.

II.     Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*,

276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III.   Analysis

    A.   Hughes's Liability

Defendants seek summary judgment on the individual-capacity claims against Hughes, arguing that the undisputed facts establish that he never violated Jadbabaei's constitutional rights and is otherwise entitled to qualified immunity. But the parties' accounts materially differ as to whether the use of force was necessary. And though a dashboard camera recorded the altercation between Hughes and Jadbabaei, significant portions of the altercation remained obscured. *See* Defs.' Mot. Summ. J. [47] Exs. 1, 2. For example, it is unclear whether Jadbabaei threw a left-handed punch or struck Hughes's chest with his right hand before Hughes struck Jadbabaei. It is also unclear whether Hughes struck Jadbabaei with a closed or open hand. Finally, it is open to interpretation whether Jadbabaei raised his hands "to fight the officers" as Defendants put it or raised them in a defensive posture. Given these factual disputes, summary judgment on the individual-capacity claims against Hughes is not appropriate.

    B.   City of Florence's Liability

Jadbabaei also alleges that the City of Florence is liable for the violation of his constitutional rights. As Jadbabaei acknowledges, municipal liability under § 1983 may not rest on respondeat superior. *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). For a municipality like the City of Florence to be liable under § 1983, the plaintiff must establish "three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or

3

custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing Monell, 436 U.S. at 694).

In the absence of any disputed ordinances, policy statements, or regulations, a plaintiff can establish a policy or custom through proof of "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). "An act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005) (internal citation omitted).

As to the official-policy requirement, Jadbabaei appears to point to the City of Florence's "custom" of not conducting psychiatric evaluations when hiring new employees and to Chief Richard Thomas as the policymaker in this regard. *See* Pl.'s Mem. [55] at 18 (citing Ex. 9, Thomas Dep. at 17).[1] Assuming Jadbabaei can meet the first and second requirements for municipal liability, he has not shown that this custom was the "moving force" of the alleged excessive force. "Moving force" causation requires "'a direct causal link between the municipal action and the deprivation of federal rights' . . . . That is, 'the plaintiff must demonstrate that a

---

[1] Jadbabaei also references the "single-incident exception," whereby "[a] single decision by a policy maker may, under certain circumstances, constitute a policy for which a [municipality] may be liable." *Valle*, 613 F.3d at 542 (quotation omitted) (second alteration in original). But he makes no attempt to apply this exception to the facts of this case and does not allege that Hughes was a policymaker. He therefore may not rely on the single-incident exception to establish the official-policy element of his claim for municipal liability.

municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision.'" *Valle*, 613 F.3d at 542 (quoting *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404, 411 (1997)). "Deliberate indifference reflects the policymaker's conscious choice to disregard constitutional violations caused by its adopted policy." *Yara v. Perryton Indep. Sch. Dist.*, 560 F. App'x 356, 359 (5th Cir. 2014) (citing *James v. Harris Cnty.*, 577 F.3d 612, 617–18 (5th Cir. 2009)).

    Jadbabaei has not shown that the failure to conduct psychiatric evaluations was the moving force behind Hughes's actions or that Thomas acted with deliberate indifference in making that decision. Jadbabaei points to no evidence that Hughes had psychiatric or mental issues. His bald assertion that "Hughes had mental issues" is not sufficient to defeat summary judgment. *See TIG Ins. Co.*, 276 F.3d at 759.

    Similarly, the previous incidents involving Hughes do not establish that Thomas "conscious[ly] . . . disregard[ed] constitutional violations" caused by a lack of psychiatric evaluations. *See Yara*, 560 F. App'x at 359. Jadbabaei points first to a 2001 civil complaint alleging that Hughes and a number of other officers violated two plaintiffs' civil rights when a police chase of fleeing suspects led to a fatal accident. Even assuming that a mere complaint is sufficient to create a question of fact regarding Hughes's conduct, the complaint in that case did not allege that Hughes was the driver, and Jadbabaei has not shown that he was. Moreover, no constitutional violation was actually found as the case was ultimately dismissed. The second incident involved Hughes "put[ting] himself in an intimidating stance" and accusing a man of using his veteran status to get out of a traffic ticket. *See* Pl.'s Resp. [54] Ex. O, Norris Compl. No legal action was taken against Hughes based on this incident, the allegations fail to state a

constitutional violation, and they further fail to establish the causal link between the lack of psychiatric evaluation and the incident with Jadbabaei.

Jadbabaei has failed to show that Thomas acted with deliberate indifference and that the practice of not conducting psychiatric evaluations was the "moving force" behind the alleged violation of Jadbabaei's constitutional rights. The City of Florence is therefore entitled to summary judgment as to Jadbabaei's claims against it.[2]

IV.     Conclusion

The Court has considered all the arguments. Those not addressed would not change the result. For the foregoing reasons, Defendants' motion [47] is granted with respect to the claims against the City of Florence and denied with respect to the claims against Hughes in his individual capacity. The parties are instructed to contact the Court's Courtroom Deputy within 10 days of the entry of this order to reset the pretrial conference in this matter.

**SO ORDERED AND ADJUDGED** this the 12th day of September, 2014.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE

---

[2] The claims against Hughes in his official capacity are likewise dismissed as they are treated as claims against the City. *See Lewis v. Pugh*, 289 F. App'x 767, 771 (5th Cir. 2008).