UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SEYED RASHID JADBABAEI                                                                          PLAINTIFF

v.                                                                       CIVIL ACTION NO. 3:13cv247-DPJ-FKB

CITY OF FLORENCE, MISSISSIPPI and
TRACEY HUGHES individually and in his
official capacity as police officer of Florence
Police Department                                                                              DEFENDANTS

ORDER

This § 1983 excessive-force case is before the Court on three motions: (1) Defendants' Motion *in Limine* to Exclude Plaintiff's Proposed Expert Witness [50]; Defendants' Motion *in Limine* to Exclude References to Race, Nationality or Ethnicity [62]; and Plaintiff's Combined Motion *in Limine* [63]. The Court concludes as follows:

I.      Facts and Procedural History

Plaintiff Seyed Rashid Jadbabaei claims that Florence Police Department officer Tracey Hughes used excessive force on him during a *Terry* stop. Jadbabaei sued the City of Florence, Mississippi, and Hughes in his individual and official capacity. Compl. [1]. The City was later dismissed, but the claims against Hughes survived a Rule 56 motion.[1]

On February 7, 2014—the deadline for Plaintiff's expert designations—Plaintiff designated Malcolm McMillin as an expert in the areas of law enforcement and criminal justice, administration, and procedure. Pl.'s Expert Designation [53-2]. That designation explained that "[d]ue to logistical issues, Sheriff McMillin and counsel have not been able to work together to finalize his report," and no expert report was produced at that time. *Id.* at 1. The disclosure did

---

[1] Because the instant motions were filed before dismissal, this Order references the Defendants plurally.

"provide[] what the anticipatory testimony of McMillin would be."  Pl.'s Resp. [53] at 2 ¶ 4. Over a month later, on March 27, 2014, Plaintiff served a supplemental expert designation, which included a copy of McMillin's expert report.

Following the close of discovery, Defendants moved to exclude McMillin's testimony. Defs.' Mot. [50].  The parties thereafter filed other *in limine* motions that have been briefed and otherwise discussed during the pretrial conference held September 26, 2014.  The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Analysis

       A.     Motion to Exclude Expert Opinions

Defendants moved to exclude the opinions of Sheriff McMillin as untimely and otherwise inadequate under Rule 702 of the Federal Rules of Evidence.  Although the designation was clearly late, so was the objection.  *Compare* Fed. R. Civ. P. 26(a)(2)(A), *and* L.U. Civ. R. 26(a)(2), *with* L.U. Civ. R. 26(a)(3).  Regardless, the opinion is otherwise infirm.

McMillin's report offers the following related opinions:

> There is no doubt that officer Hughes violated known, nationally recognized law enforcement standards when he struck and beat down the Plaintiff in this case.
>
> . . . .
>
> Tracey Hughes violated well-recognized law enforcement procedures when he used excessive force under the circumstances presented.  Officer Hughes interrogated Plaintiff, conducted a "Terry" pat down and then, when Plaintiff did not consent to a strip search as demanded by officer Hughes, Hughes struck Plaintiff in the face with his fist and tackled plaintiff to the ground as evidenced by the video and audio recording of the incident in question.

McMillin Report [50-1] at 4–5.  Thus, he offers the bald conclusion that Officer Hughes used excessive force.  *See* Pl.'s Resp. [53] at 4 ¶ 6 (describing McMillin's testimony as including his opinion "that under the circumstances, Officer Hughes used excessive force").

Defendants challenge this opinion on several fronts under Federal Rule of Evidence 702.[2]  They assert that the testimony is not "the product of reliable principles and methods," is irrelevant, is limited to the ultimate issue, and consists of impermissible legal conclusions.  The Court agrees at least with the latter two.

Rule 704 of the Federal Rules of Evidence states that "[a]n opinion is not objectionable just because it embraces an ultimate issue."  But the rule "does not open the door to all opinions.  The Advisory Committee notes make it clear that questions which would merely allow the witness to tell the jury what result to reach are not permitted.  Nor is the rule intended to allow a witness to give legal conclusions."  *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).

McMillin's reports are limited to essentially a single legal opinion on the ultimate issue in the case.  That opinion is not admissible.  *See McBroom v. Payne*, 478 F. App'x 196, 200 (5th Cir. 2012) (affirming exclusion of expert opinion that use of force was excessive); *United States*

---

[2]Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

*v. Teel*, 299 F. App'x 387, 389 (5th Cir. 2008) (per curiam) (same); *United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003) (noting that legal conclusions are inadmissible and explaining that "[r]easonableness under the Fourth Amendment . . . is a legal conclusion"). The motion is granted.

      B.      Defendants' Motion *in Limine*

Jadbabaei has previously observed that Officer Hughes served as an Army Ranger who, "fought . . . against persons of [M]iddle-[E]astern decent [sic]" in the First Gulf War. Pl.'s Mem. Opp'n to Defs.' Mot. Summ. J. [55] at 3. And Jadbabaei's counsel specifically asked Hughes questions concerning the ethnicity or nationality of the forces against which Hughes's unit fought.

Defendants are concerned that Jadbabaei may argue that Hughes was prejudiced against Middle Easterners and that this motivated his actions. As the Fifth Circuit consistently holds, "only the objective reasonableness of force matters for Fourth Amendment purposes—an officer's subjective motivation and intent are irrelevant." *Hill v. Carroll Cnty., Miss.*, 587 F.3d 230, 234 (5th Cir. 2009); *see also Lockett v. New Orleans City*, 607 F.3d 992, 998 (5th Cir. 2010) (retaliatory animus irrelevant to Fourth Amendment inquiry).

Jadbabaei filed no response to this motion, and counsel indicated during the Pretrial Conference that it is not opposed. There was, however, discussion regarding the more general issue of Hughes's military experience that may require clarification. If Hughes wishes to file another motion, he must do so no later than October 2, and Jadbabaei must respond no later than October 9. The motion currently on file is granted.

4

      C.      Plaintiff's Combined Motion *in Limine*

Jadbabaei's motion covers two general topics. First, he contends that evidence regarding prior arrests and criminal charges should be excluded. Defendants do not anticipate raising those issues unless Jadbabaei opens the door at trial. That portion of the motion is granted, and if counsel believes the door becomes open, the issue should be raised outside the presence of the jury.

The other component of Jadbabaei's motion relates to the contents of his vehicle when he was stopped. More precisely, the officers found an unsmoked cigar in the car that had been stripped of the cellophane, ring, and paper wrapper. Significantly, the cellophane and ring remained with the unused tobacco, but the paper wrapper was missing. According to Hughes, such wrappers are often used to make "blunts" (cannabis cigars). He further suggests that removing the wrapper and leaving a perfectly good cigar unsmoked provided reasonable cause to believe Jadbabaei possessed marijuana.

Jadbabaei argues that evidence of the cigar should be excluded because tobacco is not illegal and there was no marijuana found in the vehicle, but the evidence satisfies the admissibility standards of Rules 402 and 403. As Defendants argue, the alleged existence of perceived paraphernalia in the car explains to the jury why a search was initiated. Absent some evidence about what prompted the altercation that followed, the jury would be left to speculate about why the officer wanted to search Jadbabaei's person and why there was a disagreement between the two. Moreover, in an excessive-force case like this, the force used is evaluated in light of the totality of circumstances, "including the severity of the crime at issue." *Graham v. Connor*, 490 U.S. 386, 396 (1989). The cigar is relevant to that issue, so the motion is denied on

this point.  The Court will, however, invite Jadbabaei to draft a limiting instruction explaining the relevant purposes of the evidence.

Jadbabaei also seeks to exclude any testimony that he is knowledgeable that a blunt is a marijuana cigar.  This portion of the motion is unopposed and otherwise granted.

III.    Conclusion

The Court has considered all the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Defendants' Motion *in Limine* to Exclude Plaintiff's Proposed Expert Witness [50] is granted; Defendants' Motion *in Limine* [62] is granted as unopposed; and Plaintiff's Combined Motion *in Limine* [63] is granted in part.

**SO ORDERED AND ADJUDGED** this the 29th day of September, 2014.

                                  s/ *Daniel P. Jordan III*
                                  UNITED STATES DISTRICT JUDGE